CARPENTER et al., Appellants, v. COATS.

**Division One, June 20, 1904.**

1. **APPELLATE PRACTICE: Action at Law: No Instructions: No Finding of Facts.** Where the case is one at law, tried by the court without a jury, and no instructions were asked or given, and no special finding of facts was asked or made, and no error is apparent on the face of the record, the only questions open for review on appeal are whether there was any substantial evidence to support the verdict and whether error was committed in the admission or rejection of evidence.

2. ———: ———: **Partition: Advancements.** Whether land and certain personal property given to a son-in-law were intended as gifts or advancements to the daughter, is a question of fact, and if there is substantial evidence to support the finding of the trial court that they were not advancements, the appellate court will not interfere.

3. **EVIDENCE: Exclusion: Subsequent Offer to Admit.** Where the party objecting to certain testimony subsequently withdraws the objection and the court announces his willingness to permit the witness to testify on the point, any error made in excluding the evidence in the first instance is thereby cured, whether the offer is accepted or not.

Appeal from Macon Circuit Court.—*Hon. N. M. Shelton*, Judge.

AFFIRMED.

*R. S. Matthews* and *Otho F. Matthews* for appellants.

(1)  In order to show the motive which prompted the intestate in giving defendant's mother the amount set out in this suit with which plaintiffs are seeking to charge defendant, all the circumstances should be considered.  The advancement to the other heirs of deceased are circumstances to show the motive, and are proper and legitimate evidence, and should have been admitted as evidence by the trial court.  Gunn v. Thruston, 130 Mo. 347.  (2)  Where land is deeded by a parent to a child without a consideration, from the child to the parent, the presumption of law is that it was an advancement, and such presumption subsists until overcome by evidence.  McDonald v. McDonald, 86 Mo. App. 122; Trust Co. v. Rudolph, 136 Mo. 169. And where a father deeds land or causes it to be deeded to a son-in-law, it may be treated as an advancement, and especially so when no complaint is made by the daughter, and the deed taken in the name of the husband is acquiesced in by the wife.  Rudges v. Hutchins, 11 N. C. 68; Banks v. Leethers, 3 Ind. 558.  When any of the children of an intestate shall have received in their lifetime any real or personal property, the law presumes it to have been an advancement, and will so treat it, unless it affirmatively appears in evidence that it was not so intended at the time of the gift.  Gunn v. Thruston, 130 Mo. 345; Trust Co. v. Rudolph, 136 Mo. 169; Ray v. Toper, 65 Mo. 470; McDonald v. McDonald, 86 Mo. App. 122.

*Dysart & Mitchell* for respondent.

(1)  The question of advancement was "in issue and on trial," and the court erred in favor of appellants in hearing and considering the testimony of Jesse W. Carpenter.  Gunn v. Thruston, 130 Mo. 343.  Andrew M. Carpenter, after the death of James R. Herrin and Flora A. Herrin, would not have been a competent witness, under the statute, where this deed was "in issue

and on trial,'' and for the same reason those who are his heirs and claim under him, can not testify.    Messimer v. McCray, 113 Mo. 382; Chapman v. Dougherty, 87 Mo. 617; Gunn v. Thruston, 130 Mo. 339.    (2)    The pretended receipt, plaintiffs' exhibit ''G,'' was not an account made in any book of advancement.    It was a loose paper found among the papers of Andrew M. Carpenter.    Not one of the items had a date.    Nor did the date at the top or corner of the page correspond with the date of the deed in question to the land.    The paper had the appearance of having been altered and changed and no one pretends to say that Flora A. Herrin signed the paper, except the incompetent witness, Jesse W. Carpenter, and his extreme youth at the time makes his knowledge of handwriting very limited. . It does not pretend on its face to be an advancement to Flora A. Herrin from Andrew M. Carpenter.    But if the ancestor, Andrew M. Carpenter, had anything to do with this deed to the land from Biswell to James R. Herrin (and there is no proof that he did) his intent is shown by his subsequent acts and all doubt of his intent is set at rest. Andrew, M. Carpenter was the administrator of the estate of James R. Herrin and inventoried this very land, settled said estate, and was appointed as the guardian and curator of the estate of the minor children of James R. Herrin and also of Henry T. Coats.    As such guardian and curator he sold this very land in question under order of the probate court and divided the proceeds between the two children of his daughter by James R. Herrin and gave this defendant child, Henry T. Coats, no part of the land.    The daughter, Flora A. Coats, was dead at this time.    These solemn acts of the father under oath in court confirm the plain statement of purchase of that land by James R. Herrin.    The parents' intent at the time ought to and does govern. . There was no advancement and no intent of the parent to charge an advancement, and the finding of the court was correct.    Gunn v. Thruston, 130 Mo. 339; Ray v.

Loper, 65 Mo. 470; Nelson v. Nelson, 90 Mo. 460; Ladd
v. Stephens, 147 Mo. 319; McDonald v. McDonald, 86
Mo. App. 122.

MARSHALL, J.—The parties and the trial court
treated this as an action for the partition of certain land
in Macon county, although strictly speaking the petition
only asked that the court declare that the defendant had
no interest in the land because his mother had received
advancements from the ancestor which exceeded in
amount the value of her interest in his estate. The
answer, however, set up that the defendant is entitled
to an undivided one-sixteenth interest in the land, and
asked for partition. The court so found and the plain-
tiffs appealed.

The case is one at law, and by consent, was tried
by the court without a jury. No instructions were
asked or given, and no special finding of facts was asked
or made. No error is apparent on the face of the record
proper, and the only questions, therefore, which are open
to review are whether there is any substantial evidence
to support the finding of the trial court, and as to the
admission and rejection of testimony. The facts will
therefore be stated in the course of the opinion.

## I.

Andrew M. Carpenter is the common ancestor. He
died intestate, seized of the land, on March 15, 1900,
leaving as his heirs-at-law, Jesse W. Carpenter, Oscar
S. Carpenter, Martha E. Romjue, wife of the plaintiff,
Lawrence E. Romjue, Hattie E. Carpenter, Gabriel B.
Carpenter, Lucy C. Carpenter, James C. Carpenter, and
Orin F. Herrin and the defendant, Henry T. Coats, who
were the children of the deceased daughter, Flora A.
Carpenter, who was married, first, to James R. Herrin,
who died in 1881, and afterwards married Coats. The
plaintiffs in this case are Jesse W. Carpenter, Martha
E. Romjue, and Lawrence E. Romjue. They inherited

or have purchased from the other heirs the whole estate except the share of the defendant, and they claim that he is not entitled to any part of the estate because his mother received advancements from her father during his lifetime, which exceeded in amount the value of her share of his estate.    The defendant denies this.

The case for the plaintiff is predicated upon the following state of facts:    In 1871, Andrew M. Carpenter purchased from the administrator of the estate of Warren Herrin, for a consideration of eight hundred dollars, the north half of the northeast quarter of section 9, township 59, range 16, in Macon county.    On January 18, 1876, Andrew M. Carpenter conveyed the land he had so purchased, and also the west half of the southwest quarter of the northwest quarter of the same section, township and range, by a general warranty deed to Isom P. Biswell and Serelda A. Biswell, for an expressed consideration of twelve hundred dollars, and on the same day Isom P. Biswell and Serelda A. Biswell conveyed said land to James R. Herrin, for an expressed consideration of eleven hundred dollars..    James R. Herrin was the husband of Flora A. Carpenter, and the plaintiffs' contention is that Andrew M. Carpenter made this conveyance through Biswell to Herrin, as an advancement to his said daughter Flora.    James R. Herrin went to live with his family on the land, and continued to reside on it until his death in 1881.    He died intestate, leaving his widow Flora and two children, Orin F. Herrin, and a son who has since died.    Mrs. Herrin renounced her right to administer upon her husband's estate, and so Andrew M. Carpenter was appointed and qualified as the administrator thereof.    The widow Herrin then married a Mr. Coats, and the defendant is the child of that marriage.    Andrew M. Carpenter was the administrator of the estate of James R. Herrin, and was also appointed the guardian and curator of the Herrin children and of the defendant, and continued so to act until his death, and since that time the plaintiff

Carpenter v. Coats.

Jesse W. Carpenter has been the guardian and curator of the defendant, Coats, who is still a minor, a guardian *ad litem* being appointed to defend this suit for him.

The plaintiffs produced a receipt, which was found by Jesse W. Carpenter, the administrator of the estate of Andrew M. Carpenter, among his papers, after his death, and which is as follows:

|  | October 8, 1880. | |
|---|---:|---:|
| Land................................................$ | 800 | 00 |
| Money furnished ............................... | 50 | 00 |
| Land, 20 acres................................... | 50 | 00 |
| One horse ........................................ | 35 | 00 |
| One cow and calf.............................. | 25 | 00 |
| Sheep, 4 head.................................... | 5 | 00 |
| Bed and bed clothes .......................... | 35 | 00 |
| Stand and dishes................................ | 31 | 00 |
| Table and bedstead ............................. | 7 | 50 |
| Press for clothes................................ | 5 | 00 |
| Cultivator......................................... | 13 | 00 |
| Plow and doubletree............................ | 6 | 00 |
|  | $1,114 | 50 |

We, the undersigned, have received the foregoing amount from A. M. Carpenter's estate.          JAMES R. and FLORA A. HERRIN.

Paid to Flora A. Herrin, in money and property, $176.50, one hundred and seventy-six dollars and fifty cents, making in all $1,291.00.
February, 1883.          A. M. CARPENTER.

The following appears on back thereof:

April the 25th, 1881.
We, the undersigned, have received $1,291 from A. M. Carpenter estate.          JAMES C. and SARAH E. CARPENTER.

The plaintiffs show by the testimony of the plaintiff, Jesse W. Carpenter, that the signature "James R. and Flora A. Herrin," is in the handwriting of Flora A. (Carpenter), Herrin Coats, and that the signature "A. M. Carpenter" is in the handwriting of Andrew M. Carpenter. Flora and Andrew are both dead. The plaintiffs also introduced in evidence the written waiver by Flora of her right to administer upon the estate of her husband James R. Herrin, to show by a comparison of

handwriting that the signature "James R. and Flora A. Herrin" was written by Flora. The plaintiffs also showed that James R. Herrin was not a man of means and that his neighbors and associates did not know of any considerable amount of property he had at the date of the deed to him on January 18, 1876. The plaintiffs also claim that the receipt on the back of the receipt signed by James R. and Flora A. Herrin, of the same sum, to-wit, $1,291, which purports to have been received by the Herrins, and by Jas. C. and Sarah E. Carpenter, shows that their ancestor Andrew M. Carpenter intended said sums as advancements to his daughter Flora and to his son James. This is the substance of the case made by the plaintiffs. On the other hand, the defendant introduced no testimony, but showed by the cross-examination of the plaintiff, Jesse W. Carpenter, that his father Andrew M. Carpenter administered upon the estate of his son-in-law James R. Herrin, and that he was the guardian and curator of the Herrin children and also of the defendant Coats, and that as such guardian and curator he caused the land to be sold and he divided the proceeds among the Herrin children, and that the defendant Coats got none of it directly; that is, said Andrew M. Carpenter treated the land as the property of James R. Herrin and not as the property of his daughter Flora Herrin, and so he distributed the proceeds of the sale of the property to the heirs of James R. Herrin. One of the Herrin children had died, so that he gave the survivor one-half of the proceeds in her own right and one-fourth of it as heir of her deceased brother, and he gave the defendant Coats the remaining one-fourth, not as an heir of James R. Herrin, for he was not such, but as a brother of the half blood of the deceased Herrin boy. And defendant claims that this act of Andrew M. Carpenter shows conclusively that Andrew M. Carpenter did not intend or regard the conveyance of the land to James R. Herrin as an advancement to his daughter, but as a gift to his son-in-law, and as this

was the only land that Andrew M. Carpenter ever gave to either his son-in-law Herrin or his daughter Flora, it must be the land which is referred to in the receipt of October 8, 1880, and as it thus conclusively appears that the land referred to in the receipt was a gift and not an advancement, it affords a fair basis for the presumption of fact that the other items specified in the receipt were likewise gifts and not advancements, and at any rate if the two items of $800 and $50 specified in the receipt as land, be deducted from the $1,291 total represented by the receipt, the remainder, even if considered as an advancement, would not equal in value the defendant's share of the estate, and, therefore, the judgment of the court below must be affirmed.

The trial court took the defendant's view of the case and found that the defendant's mother had received no advancements from her father, and that the defendant is entitled to an one-sixteenth part of the land, and that it was not susceptible of partition in kind, and so ordered it to be sold, and the proceeds, after the payment of costs, to be divided, fifteen-sixteenths to the plaintiffs, and one-sixteenth to the defendant.

Whether the land and the other items were intended as gifts or as advancements was a question of fact. [Ladd v. Stephens, 147 Mo. l. c. 333.]

Upon this showing there can be no doubt that there is substantial testimony in the case to support the judgment that they were not advancements, and this being true it is not the practice of this court to interfere with the finding of fact by the trial judge in cases at law.

## II.

The plaintiffs next assign as error the refusal of the court to permit them to ask James C. Carpenter whether the $1,291 received by him and receipted for on the back of the receipt signed by the Herrins, was or was not an advancement.

James was clearly an incompetent witness to testify as to whether or not the amount he received was or was not an advancement. [Gunn v. Thruston, 130 Mo. l. c. 342-345.] And as he was not called or interrogated as to the question of the advancement received by any one else, his testimony was properly excluded.

Moreover, before the close of the case and while the witness was still in the court room, the defendant withdrew the objection to James's competency, and the court offered to allow the plaintiffs to call him again and examine him on that subject and the plaintiffs refused to do so. So that if there was any error in the first ruling it was cured by the subsequent proceedings.

## III.

The order of court that the land be sold and the proceeds be divided, is assigned as error, because it is said that the plaintiffs did not ask that it be sold, and the defendant asked that it be divided in kind, and there was no evidence that it was not susceptible of division in kind.

This is an evident misapprehension of the defendant's answer and of the evidence in the case. The answer asks that it be divided in kind and if it can not be divided in kind that the same be sold and the proceeds be divided. The evidence shows that the land is not of uniform value or character, and the testimony of the plaintiff Jesse W. Carpenter establishes beyond any reasonable doubt, the impossibility of carving out an one-sixteenth of the land and awarding it to the defendant, which will bear any just or relative value to the other fifteenth-sixteenths.

Finding no error in the record the judgment is affirmed.

All concur.